

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AKRON THERMAL, LIMITED PARTNERSHIP, | : | Case No. 09-54101 |
| | : | |
| | : | Chief Judge Marilyn Shea-Stonum |
| Debtor and Debtor-in-Possession. | : | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| AKRON THERMAL COOLING, LLC, | : | Case No. 09-54102 |
| | : | |
| Debtor and Debtor-in-Possession. | : | Chief Judge Marilyn Shea-Stonum |

### VERIFIED STATEMENT OF DANIEL R. SWETNAM

STATE OF OHIO     :
                  :  SS
COUNTY OF FRANKLIN :

Daniel R. Swetnam ("Affiant"), being first duly sworn, states:

1. Affiant makes this Verified Statement pursuant to the requirements of Sections 327 and 329 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, in support of the Application for an Order Approving Employment of Counsel to Debtors and Debtors-in-Possession (the "Application") filed herewith by Akron Thermal, Limited Partnership ("ATLP") and Akron Thermal Cooling, LLC ("ATC") (collectively, the "Debtors").

2. Affiant is a principal of Schottenstein, Zox & Dunn Co., LPA ("SZD").

3. SZD has not entered, and will not enter, into any agreement or writing with third parties respecting the division of fees to be received in these proceedings or any other agreement prohibited by Section 155 of Title 18 of the United States Code.

4. Affiant and all members, associates and other professional employees of SZD are "disinterested persons," as defined in Section 101(14) of the Bankruptcy Code. No member, associate or other professional employee of SZD is a relative of, or has been so connected with, the United States Trustee for this region or any judge of the United States Bankruptcy Court for the Northern District of Ohio so as to render the firm's employment improper under Federal Rule of Bankruptcy Procedure 5002. So far as presently known to Affiant, no member, associate or other professional employee of SZD holds or represents an interest adverse to the bankruptcy estate. To the extent any such representation is hereafter discovered, it will be properly disclosed by a supplemental disclosure.

5. SZD will represent the Debtors in these proceedings and any other related matters at its customary hourly rates.

6. The normal and customary hourly rates for those professionals whom it is currently anticipated will render services in this case are currently:

| | |
|---|---|
| Daniel R. Swetnam | $400.00 |
| Robert M. Stefancin | $390.00 |
| Daniel M. Anderson | $385.00 |
| Tyson A. Crist | $290.00 |
| Nell Chambers | $155.00 (Paralegal) |

7. The range of customary hourly rates for other professionals and paraprofessionals who may render services are currently:

| | |
|---|---|
| Attorneys | $125 - $525 per hour |
| Paralegals | $130-190 per hour |

{H1636795.1}　　2

8. The above rates are subject to periodic adjustment. If adjusted, SZD will file a schedule noting such new rates within thirty (30) days.

9. SZD has searched its database to determine if it has any connection with the creditors listed on the Lists of Creditors Holding 20 Largest Unsecured Claims, certain major customers, and any creditors appearing in a UCC search. Based upon that search, SZD has determined that it represents, in unrelated matters, the following potential parties in interest:

    1. State of Ohio (primarily the Ohio Department of Development, and to a lesser extent certain other agencies);

    2. Akron Children's Hospital;

    3. Akron City Hospital, Summa Health System; and

    4. Huntington National Bank.

SZD previously notified the State of Ohio, Akron Children's Hospital and Akron City Hospital of its representation of ATLP. SZD has also notified Huntington. Huntington has consented to the representation of Debtors, so long as SZD does not initiate proceedings directly against Huntington. If such action is required, Debtors will engage separate counsel. SZD has not completed a review with respect to all creditors in the case. When it does, if any such creditors are identified as being represented by SZD they will be promptly disclosed to the Court and SZD will send a letter to each of those creditors apprising them of its representation of the Debtor and inviting any objection to the proposed appointment of SZD as counsel to the Debtor within the applicable ten (10) day period.

10. Neither Affiant nor the law firm of SZD has been or is now representing any party against the Debtors in this proceeding or any related proceeding. Neither Affiant nor the law firm of SZD has been a party to any privileged or confidential information concerning this proceeding other than in connection with its representation of the Debtors.

11. Within the one year period before the Petition Date, ATLP made the following payments to SZD. The payments through April 2, 2009, as well as the payment on June 8, 2009 in the amount of $44,593.65 and July 15, 2009 in the amount of $15,000, were for services rendered before the Effective Date in the ATLP-2007 Case. The payments from May 26, 2009 forward were for services rendered after the Effective Date in the ATLP-2007 Case (except for the payments of $44,593.65 on June 8, 2009 and $15,000 on July 15, 2009, which were both for unpaid holdback in the ATLP-2007 Case):

| | | |
|---|---|---|
| 1. | Oct. 16, 2008 | $99,607.20 |
| 2. | Dec. 26, 2008 | 113,690.68 |
| 3. | Feb. 19, 2009 | 61,648.37 |
| 4. | Apr. 2, 2009 | 81,749.19 |
| 5. | May 26, 2009 | 72,575.20 |
| 6. | June 8, 2009 | 44,593.65 |
| 7. | June 22, 2009 | 40,217.66 |
| 8. | July 15, 2009 | 36,400.05 |
| 9. | July 15, 2009 | 15,000.00 |
| 10. | Aug. 13, 2009 | 27,562.81 |
| 11. | Aug. 13, 2009 | 29,127.41 |

12. As of September 10, 2009, ATLP was indebted to SZD in the total sum of $268,333.82 for services rendered through that date, $222,626.47 of which was for unpaid holdback amounts from the ATLP-2007 Case. On September 10, 2009, Thermal Ventures II, L.P. ("TVII") paid $160,000 to SZD, and SZD wrote off the balance of its claim (the sum of $108,333.82) against ATLP.

13. On September 10, 2009, Debtors paid SZD a retainer of $25,000 for services in connection with the cases filed on September 11, 2009. Prior to the filing of the Petitions, SZD applied part of this deposit to its pre-petition bankruptcy related services (the sum of $6,872.50). The balance (the sum of $18,217.50) will be held as a retainer for post-petition fees and expenses (the "Retainer") for final payment in the manner set forth below. Finally, as additional security

for payment of services in these cases, TVII has guaranteed payment of up to $140,000 for services rendered after September 11, 2009.

14. Subject to the provisions herein, SZD shall bill and Debtors shall pay 80% of the fees and 100% of the expenses for services that have been or may be rendered on behalf of the Debtors on a monthly basis, contemporaneously without prior court approval. Debtors will pay those fees and expenses within twenty (20) days of invoice.

15. If the Debtors fail to pay SZD within such time, SZD shall be entitled, at its option and in its sole discretion, to apply to the Court for permission to withdraw as counsel.

16. Notwithstanding the above provisions for contemporaneous payment, SZD will apply to the Court for approval of such fees and expenses pursuant to Sections 330 and 331 of the Bankruptcy Code. SZD understands that the payment arrangements shall not bar any party from objecting to its interim or final fee applications, and that such fees are subject to repayment unless ultimately allowed by the Court. To the extent the fees and expenses are allowed by the Court, but have not been otherwise paid to SZD, the Debtors shall pay the unpaid portion of the fees and expenses within twenty (20) days of the entry of the order allowing the same.

17. Administration of the case may require the expenditure of large amounts of time by counsel. The administration of the estate will entail a multiplicity of issues, including, without limitation, resolution of issues needed to perform an orderly liquidation.

18. SZD's fees will exceed the Retainer.

19. Waiting 120 days for any payment would place an undue economic hardship on SZD.

20. Affiant is admitted to practice before the highest court of the State of Ohio, the United States Court of Appeals for the Sixth Circuit, the United States Supreme Court, the

United States District Court for the Northern District of Ohio and the United States District Court for the Southern District of Ohio. Affiant has never been the subject of any disciplinary action.

Further Affiant Sayeth Naught.

_____
Daniel R. Swetnam

Sworn to before me and subscribed in my presence this 15th day of September, 2009.

_____
NOTARY PUBLIC

Kathy L. Stiles
Notary Public, State of Ohio
My Commission Expires 05-25-2014

{H1636795.1 }                                              6

09-54101-mss    Doc 13-1    FILED 09/15/09    ENTERED 09/15/09 17:00:07    Page 6 of 6